E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1556-GHK (DTBx)<br>**ED CV 10-45-GHK (DTBx)** | Date | October 19, 2011 |
|---|---|---|---|

| Title | *HSBC Bank USA, N.A. v. Flenoyd Hatchett* |
|---|---|

| **Presiding: The Honorable** | **GEORGE H. KING, U. S. DISTRICT JUDGE** |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order Remanding Case**

  Defendant Flenoyd Hatchett ("Defendant") removed the above-titled action to this Court on September 29, 2011 ("high-numbered case"). Defendant previously removed this same state court case on January 11, 2010 ("low-numbered case"), and we thereafter dismissed the case for failure to prosecute on October 29, 2010. No. ED CV 10-45-GHK (DTBx) (order dismissing case).

  After re-examining Defendant's January 11, 2010 removal, it appears to us that we did not have subject matter jurisdiction over the low-numbered case at the time that we dismissed it. As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

  In removing this unlawful detainer case, Defendant argued that we had jurisdiction under 28 U.S.C. § 1443(1), which provides that a defendant may remove from the state court any action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Defendant's January 11, 2010 Notice of Removal appears to argue that because of state court bias against African-American males, he was powerless to fight his eviction in state court. Defendant stated that state court denial of equal protection to this oppressed class was apparent "for the simple reason that respondents always lose in San Bernardino County Unlawful detainer proceedings as a matter of statutory law, custom, practice, and policy implemented by the attorneys and other judicial officers of the Superior Courts of San Bernardino County."

  The Supreme Court has interpreted § 1443 restrictively, implementing a two-part test that parties petitioning for removal must meet:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 11-1556-GHK (DTBx)<br>**ED CV 10-45-GHK (DTBx)** | Date | October 19, 2011 |
|---|---|---|---|
| Title | *HSBC Bank USA, N.A. v. Flenoyd Hatchett* | | |

assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*People v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (citing *Georgia v. Rachel*, 375 U.S. 780 (1966); *Greenwood v. Peacock*, 384 U.S. 808 (1966)).  Here, Plaintiff does not cite a state law or constitutional provision that directs state courts to ignore his civil rights.  He makes a general allegation of bias by the state court in San Bernardino County, but "[b]ad experiences with the particular court in question will not suffice."  *Id.*; *see also HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, at *2 (S.D. Cal. Sept. 21, 2010) (remanding state court unlawful detainer case removed under allegations of state court bias); *Wells Fargo Bank, N.A. v. Pax*, No. SACV 11-00302-JST (RZx), 2011 WL 781477, *1 (C.D. Cal. Feb. 25, 2011) (remanding unlawful detainer action where defendant had not referenced a statute or constitutional provision that commanded state courts to ignore his federal rights).

Plaintiff has asserted no other basis for federal jurisdiction, nor is one evident based on his Notice of Removal and the state court Complaint.  *See California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (internal quotation marks omitted)).  Therefore, we hereby **VACATE** our October 29, 2010 Order dismissing the case and **REMAND** the low-numbered case for lack of subject matter jurisdiction.  *Cf. Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989 (9th Cir. 2004) (holding that once a district court determined that it lacked subject matter jurisdiction over a case, it should have vacated its earlier dismissal on personal jurisdiction grounds and remanded the case for lack of subject matter jurisdiction).

As to the high-numbered case, Defendant removed the state court action on the same ground that he did in 2010: § 1443(1).  He again argues that removal under this statute is proper because of state court bias against African-American males in unlawful detainer cases in San Bernardino County.  For the aforementioned reasons, Plaintiff once again fails to meet the two-step test for removal under § 1443(1) set forth by the Supreme Court.  As he has asserted no other basis for federal jurisdiction, nor is one apparent to us based on his Notice of Removal or the state court Complaint, Plaintiff has failed to meet his burden of proving that we have federal subject matter jurisdiction over this action.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that the party seeking to establish jurisdiction bears the burden of proving such).  Accordingly, we hereby **REMAND** the high-numbered case to the state court from which it was removed.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |